

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,030-01

### EX PARTE LOUIS ANGELO DAVILA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 08-01-0031-CRA-A IN THE 81ST DISTRICT COURT
### FROM ATASCOSA COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to aggravated assault in exchange for deferred adjudication community supervision. His guilt was later adjudicated and he was sentenced to twenty years' imprisonment.

Applicant contends that he was denied his right to appeal after adjudication because adjudication counsel failed to timely file a notice of appeal. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court finds that adjudication counsel file a motion to withdraw from the representation so that appellate counsel could be appointed, but that the motion was never brought to the attention of the trial court. The trial court finds that Applicant was denied his right to appeal due to a failure of the system. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment adjudicating guilt in Cause No. 08-01-0031-CRA from the 81st District Court of Atascosa County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 14, 2016
Do not publish